## TYSON v. JOSEPH H. BAULAND CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. APPEAL—SECOND TRIAL—LAW OF CASE—INSUFFICIENCY OF EVIDENCE.

A decision on appeal that the evidence was insufficient to sustain a cause of action alleged is controlling on a second trial, when the same and no additional evidence was presented on such cause of action.

2. SAME—SUFFICIENCY OF EVIDENCE.

A decision on appeal that the judgment could be sustained, were the question of false imprisonment the only one presented, is controlling on a second trial, when the same and additional evidence is introduced to sustain that cause of action.

Appeal from Trial Term, Kings County.

Action by Eliza Tyson against the Joseph H. Bauland Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.
John L. Wilkie (Wm. B. Goodwin, on the brief), for respondent.

GOODRICH, P. J.  On the former appeal in this action, reported in 68 App. Div. 310, 74 N. Y. Supp. 59, we reversed a judgment against Joseph H. Bauland Company on the ground that as the complaint contained a single count, which might be treated either as one for false imprisonment or for malicious prosecution, and which at the trial was treated as a complaint for both, and as the defendant, by not demurring, had waived the defect, and was probably not entitled, as a strict matter of right, to compel an election between the two causes of action at the commencement of the trial, and as both causes of action were submitted to the jury, the judgment could not be sustained unless the proof established both causes of action.  Before any evidence was taken at the last trial, the defendant moved that the plaintiff be compelled to elect which cause of action she would press—whether malicious prosecution or false imprisonment.  The court ruled that there was only one cause of action set out in the complaint (that is, one count), and that practically the same evidence which would support one would support the other, except that in malicious prosecution malice must be established, and that the defendant ought to have made the motion at special term, and, without deciding the motion, ordered that the motion might be renewed after all the evidence had been taken.  The motion was renewed at the close of the plaintiff's evidence.  Before deciding the motion, the court stated that it would hear first any other motions, whereupon the defendant moved to dismiss the cause of action for malicious prosecution.  The case was then opened, and both defendant and plaintiff introduced further evidence, whereupon the defendant moved separately to dismiss the complaint as to both causes of action, the court granted the motion, and the plaintiff excepted.

We held on the former appeal that the evidence was not sufficient to establish a cause of action for malicious prosecution, and that decision remains controlling upon the effect of the evidence upon that question introduced at the last trial, when the plaintiff presented the same evidence that was presented on the first trial, and additional evidence tending merely to strengthen a cause of action for false imprisonment.  Her counsel offered no additional evidence as to the cause of action for malicious prosecution, and in his brief confines his argument solely to the contention that the evidence established a cause of action for false imprisonment, and that it was error to refuse to submit that question to the jury.  We also held "that the judgment might probably be sustained, were the question of false imprisonment the only one"; and, as there is additional evidence which at least has not weakened such cause of action, we must either reconsider our former opinion, and change our decision on that subject, or reverse the judgment for failure to submit to the jury the question of false imprison-

ment. For these reasons, the judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.